IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GLORIA BLANCA CHAVEZ-ESPARZA,

    Petitioner,

v.                                                             No. CR 10-2250 JH

U.S. CUSTOMS & IMMIGRATION
ENFORCEMENT (ICE), DIRECTOR,

    Respondent.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Petitioner's Motion for Resolution of Deportation Status Pursuant to Article III of the United States Constitution (Docs. 21, 22) filed post-conviction in this criminal proceeding.  Petitioner, who is not an American citizen, is confined in a Minnesota prison serving a sentence imposed by this Court.  The motion's central allegation is that Immigration and Customs Enforcement ("ICE") will keep Petitioner in custody for removal proceedings when her criminal incarceration ends.  Petitioner argues that any such post-sentence custody would amount to "mental cruelty" and cause her "grievous undue stress."  Petitioner asks for an order directing immigration officials to implement existing expedited-removal procedures, thus preventing or reducing Petitioner's continued detention after serving her criminal sentence.

       No relief is available on Petitioner's request for judicial relief against ICE officials' discretionary decision whether to expedite her removal proceedings.

> [T]he Attorney General (and, in turn, the INS, as her designee) has broad discretion in deciding, administratively, whether and when to pursue deportation against an alien.  The Attorney General's "responsibility in this regard is akin to his responsibility for enforcing the criminal laws: in both situations, he has discretion to refrain from instituting proceedings even though grounds for their commencement may exist."  An alien illegally in the United States cannot force the Attorney

> General's hand by the simple expedient of calling attention to his status and demanding immediate action.

*Costa v. I.N.S.*, 233 F.3d 31, 37 (1st Cir. 2000) (citations omitted); *and cf. Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Under these rules, Petitioner is not entitled to judicial relief at this time, and the Court will deny the motion. This denial is without prejudice to Petitioner's rights in administrative removal proceedings or in prosecuting timely claims cognizable under 28 U.S.C. § 2241. *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

IT IS THEREFORE ORDERED that Petitioner's Motion for Resolution of Deportation Status Pursuant to Article III of the United States Constitution (Docs. 21, 22) is DENIED.

_____
UNITED STATES DISTRICT JUDGE